Mr. Chief Justice Sharkey
delivered the opinion of the court.
Watson & Pope had recovered judgment against Carman, and Carman, at the same time, had recovered judgment against John Hays; and Watson & Pope, after having sued out an execution, which proved unproductive, and after Carman had removed to Louisiana, filed this bill, for the purpose of having the amount due from Hays to Carman applied'to the satisfaction of their judgment, and for enjoining Hays from paying over. Publication was made against Carman, as an absent defendant, and he subsequently came in and answered, that, prior to the filing of the bill, he had made a bond fide transfer of the judgment against Hays to one Aaron Haring,
*334 In support of his answer, an affidavit was introduced at the trial made by J. B. Thrasher, Esq., stating that the judgment had been transferred fairly, and for a valuable consideration; in which a copy of an order from Carman, to Thrasher as his attorney, directing the payment of the money to be made - to Haring, is set out. Hays never answered, nor was a pro confesso taken, against him, and there was a decree for the complainants, which is said to be erroneous for the following reasons. First, that the answer of Carman showed a transfer of the judgment, and the cause having been brought to hearing on bill and answer without replication, the whole of the answer should have been taken as true. Secondly, that the court erred in ruling out the testimony offered to prove the exhibit referred to in the answer. Thirdly, that the court erred in decreeing against Haring without having made him a party; and lastly, that it erred in taking up the cause on final hearing, without a pro confesso against Hays.
In regard to the first objection, the rule as established by a train of decisions in New York, and elsewhere, is, that where an answer admits facts, but sets up matter in avoidance, and there is an issue to the answer, the respondent will be held to strict proof of the matter set up; but in such a case, when there is no replication, and the cause is set down for hearing on bill and answer alone, the answer is to be taken as true to its full extent. 2 Johns. Chan. Rep. 62; 7 Johns. Chan. Rep. 217; 1 Cowen, 691. The chancery practice of this state, as regulated by statutory provisions, will not warrant the universal application of this rule, although in some instances it might with propriety be adopted. If, for instance, the complainant himself had set the cause for hearing on bill and answer, and it so distinctly appeared of record, then of course it would apply, because, by doing so without replying, he evinced a determination to test his right of recovery, allowing to the defendant the full benefit of all that he had stated. The act of 1828, p. 64, was designed to expedite proceedings in equity; and after answer or plea, either party may proceed to take depositions, and the cause is made triable, at the terms next succeeding that to, which the subpoena was made returnable. So soon as the answer or plea is put in, either party may take his depositions, *335 and the cause being triable at the succeeding term, either party-may set it down for hearing. If this should be done by the defendant, of course there could he no reason for admitting his answer as true. He would thus have the power of making testimony for himself, and hence it is, that it should appear on the record, by which party or in what maimer, the cause was brought to hearing.
There is nothing further in the record before us, than that the cause came on to be heard, upon pleadings and proof, and under these circumstances, there was no ground for taking the answer as true.
On the second point, the ruling out-of the affidavit, the court was right; it was a mere ex parte affidavit, which was inadmissible. When it is necessary to prove exhibits on the trial, it must be done by examination in court, and it is even questionable whether that is the proper course, and whether in all instances the proofs ought not to be made before an examiner. 2 Johns. Chan. Rep. 481.
But on the other points I think the court erred. Hays was a material party, inasmuch as the decree affected his interest by directing him to pay money, and a final decree against him, Avithout a pro confessor rvas irregular. And when it rvas ascertained that Haring was interested, he should also have been made a party, and an opportunity afforded him to protect his interest. I have thus noticed only the points Avhich have been raised in this court, and as the cause rvill have to be remanded and the parties will have an opportunity to investigate the facts, and as the result may settle the controversy, I forbear making any remarks as to the complainant’s right to recover on the merits in the bill.
The decree must be set aside, and cause remanded.